NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARBANS SINGH, | No. 15-70766 |
| Petitioner, | Agency No. A201-109-450 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 13, 2017**
San Francisco, California

Before: BERZON and FRIEDLAND, Circuit Judges, and SESSIONS,*** District Judge.

Harbans Singh petitions for review of the Board of Immigration Appeals'

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable William K. Sessions III, United States District Judge for the District of Vermont, sitting by designation.

denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]

1. An applicant for asylum must establish past persecution or a well-founded fear of future persecution that has a nexus to one of five protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(42)(A)). The protected ground must be "at least one central reason for persecuting the applicant," 8 U.S.C. § 1158(b)(1)(B)(i), but "persecution may be caused by more than one central reason, and an asylum applicant need not prove which reason was dominant." *Parussimova v. Mukasey*, 555 F.3d 734, 741 (9th Cir. 2009). Accordingly, a "mixed motive" claim is appropriate where the victim can establish that a protected ground was a primary cause of his persecution. *Baghdasaryan*, 592 F.3d at 1023 (noting that "it is well established that mixed motives do not negate a legitimate nexus to political opinion").

The Immigration Judge ("IJ") improperly denied Singh's claim on the basis that his attackers were motivated by extorting Singh's land and recruiting additional adherents for the Dera Sacha Sauda ("DSS") religion.[2] We have

---

[1] Respondent's motion to remand is denied as moot.
[2] Because there was no adverse credibility determination, Singh's testimony must be accepted as true. *See Kalubi v. Ashcroft*, 364 F.3d 1134, 1137 (9th Cir. 2004).

repeatedly held that recruitment and extortion claims may satisfy the nexus requirement. *See Sangha v. I.N.S.*, 103 F.3d 1482, 1490 (9th Cir. 1997) (explaining that an applicant may establish eligibility for asylum with evidence that the persecutor "sought forcibly to recruit him on account of his political opinion"); *Borja v. I.N.S.*, 175 F.3d 732, 737 (9th Cir. 1999) (holding that "beatings and assaults for the purpose of financial extortion" may qualify as "persecution on account of political opinion").[3] It appears from the record that the DSS attackers were at least partly motivated by Singh's religion and political affiliation, particularly because Singh's refusal to join the DSS was inherently an act of religious expression. Considering the possibility of mixed motives, the agency must assess whether Singh's religion or political affiliation satisfies the "one central reason" standard.

2. Withholding of removal similarly requires that an applicant establish a nexus between the alleged or feared harm and one of five protected grounds. *See* 8 U.S.C. § 1231(b)(3)(A). But unlike an applicant for asylum, an applicant for

---

[3] The 2005 REAL ID Act changed the requisite degree of causation, but it did not alter which types of motivation qualify as protected grounds. A protected ground may be a central reason for a victim's persecution, in addition to other personal or economic motivations. *See Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (noting that where "a retributory motive exists alongside a protected motive, an applicant need show only that a protected ground is 'one central reason' for his persecution"). Accordingly, the Act does not undermine this court's prior holdings that recruitment and extortion claims may satisfy the nexus requirement.

withholding need only prove that a protected ground was "a reason"—rather than "one central reason"—for his or her persecution. *Barajas-Romero v. Lynch*, 846 F.3d 351, 358-60 (9th Cir. 2017). Here, the record seems to compel a finding that Singh's religion was at least "a reason" for his persecution, because Singh's refusal to join the DSS was, in and of itself, an act of religious opposition, and the record suggests both the DSS recruiters and Singh all understood it as such. *See id.* On remand, the agency must consider whether, under *Barajas-Romero*, Singh is entitled to withholding of removal.

3. The agency must also reconsider whether Singh could relocate within India. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B) (asylum), 1208.16(b)(1)(i)(B) (withholding of removal). The relocation analysis encompasses two distinct steps, "the first focusing on 'whether an applicant could relocate safely' and the second asking 'whether it would be reasonable to require the applicant to do so.'" *Afriyie v. Holder*, 613 F.3d 924, 934 (9th Cir. 2010) (quoting *Kaiser v. Ashcroft*, 390 F.3d 653, 659 (9th Cir. 2004)). The IJ conflated these steps, and the agency's decisions make no mention of the factors used to evaluate reasonableness. *See* 8 C.F.R. §§ 1208.13(b)(3), 1208.16(b)(3). Further, the agency must ensure that it correctly assigns the burden of proof on remand. *See Afriyie*, 613 F.3d at 934, 935-36 (noting that the government bears the burden of establishing that relocation is both safe and reasonable once an applicant has demonstrated past persecution).

4

4.  To establish eligibility for CAT relief, the applicant must show that "it is more likely than not" that he would be tortured if he returned to his home country. *Jiang v. Holder*, 754 F.3d 733, 740 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)).  When "deciding whether the applicant has satisfied his or her burden, the IJ must consider all relevant evidence, including but not limited to the possibility of relocation within the country of removal." *Maldonado v. Lynch*, 786 F.3d 1155, 1164 (9th Cir. 2015) (en banc).

The IJ's denial of Singh's CAT claim is supported by substantial evidence. Although DSS followers harmed Singh on two separate occasions, the record does not compel a finding that he was tortured. *See Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011) (explaining that "the evidence must compel a different conclusion from the one reached by the BIA" for this court to reverse a factual finding underlying a CAT claim).

Petition for review is GRANTED AND REMANDED for further proceedings with respect to Singh's claims for asylum and withholding of removal and DENIED with respect to Singh's claim for CAT relief.